[611 NYS2d 728]

In the Matter of WILLIAM J. POWERS, III, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 15, 1994

### APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*William J. Powers, III,* Rome, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on June 21, 1983 and maintains an office for the practice of law in

Rome. By petition dated January 26, 1993, the Grievance Committee of the Fifth Judicial District charged respondent with violating several provisions of the Code of Professional Responsibility.

The first charge of the petition alleges that respondent received $57,371 on behalf of two clients representing the proceeds of the sale of real property. After deducting his fee for services, respondent deposited the remaining funds in his personal business account, rather than in a trust account. The petition further alleges that respondent drew 10 checks on that account totaling $2,972.81, payable to himself, his wife, his secretary and an automobile repair service. Thereafter, respondent wrote to his clients and informed them that he was withholding $2,500 of their funds for additional closing expenses. The petition alleges that respondent failed to identify and preserve those funds in a trust account and he failed to maintain a running ledger of his trust account activity.

Respondent's answer raised issues of fact that required the appointment of a Referee to take proof with regard to the charges and to report his findings to this Court. We confirm the findings of fact in the Referee's report that relate to the first charge of the petition and conclude that respondent is guilty of violating DR 9-102 (A) and (B) (1) (22 NYCRR 1200.46 [a], [b] [1]), DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3]), and DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). We conclude that the findings of the Referee, however, do not sustain the second charge of the petition.

We further conclude that, after considering the mitigating circumstances, including the payment by respondent in full of his clients' moneys and his otherwise unblemished record, respondent should be suspended from the practice of law for a period of one year and until further order of this Court.

DENMAN, P. J., GREEN, PINE, FALLON and CALLAHAN, JJ., concur.

Order of suspension entered.