[632 NYS2d 344]

In the Matter of James G. Gembarosky, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, September 29, 1995

**APPEARANCES OF COUNSEL**

*Gerard M. LaRusso,* Buffalo, for petitioner.

*James G. Gembarosky,* Snyder, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1982 and formerly maintained an office in Buffalo. On December 23, 1994, respondent was suspended from practice pursuant to 22 NYCRR 1022.19 (f) (2) (i) (a) based upon his failure to respond to a judicial subpoena directing him to appear and answer a complaint *(Matter of Gembarosky,* 207 AD2d 75). Additionally, on February 3, 1995, respondent was suspended for six months and until further order of the Court for the commission of other misconduct *(Matter of Gembarosky,* 208 AD2d 118).

The Grievance Committee has filed a petition containing multiple charges of misconduct and seeking restitution of client funds allegedly converted by respondent. The petition alleges that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3])—failing promptly to refund fees paid in advance by a client that have not been earned;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to a lawyer;

DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services;

DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3])—prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal account;

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly property of a client as requested by the client; and

DR 9-102 (H) (22 NYCRR 1200.46 [h])—failing to make available or to produce financial records required by DR 9-102 in response to a subpoena duces tecum issued by the appropriate Grievance Committee.

Respondent failed either to answer the charges or to appear on the return date of the petition. His default constitutes an admission of the allegations contained in the petition and demonstrates an indifference to the consequences of an adverse determination (*see, Matter of Schweitzer,* 189 AD2d 61; *Matter of Coughlin,* 188 AD2d 1; *Matter of Supples* 102 AD2d 699).

Accordingly, we conclude that respondent should be disbarred and direct restitution in the amount specified by the petition.

PINE, J. P., LAWTON, WESLEY, BALIO and DAVIS, JJ., concur

Order of disbarment entered.