[642 NYS2d 838]

In the Matter of DAVID R. MONROE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 19, 1996

**APPEARANCES OF COUNSEL**

*Gerard R. LaRusso*, Buffalo, for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 9, 1992 and formerly maintained an office in Watertown. The Grievance Committee has filed a petition containing multiple charges of misconduct allegedly committed by re-

spondent when he closed his law office and relocated to South Carolina in April 1995. Specifically, respondent is charged with violating the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 2-110 (A) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without taking steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of his clients;

DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3])—failing promptly to refund fees paid in advance by a client that have not been earned;

DR 4-101 (B) (1) (22 NYCRR 1200.19 [b] [1])—revealing a confidence or secret of a client;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling client funds; and

DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3])—prejudicing or damaging the client during the course of the professional relationship.

Additionally, respondent is charged with violating the following regulations:

22 NYCRR 1400.2—failing to provide a prospective client with a statement of client's rights and responsibilities; and

22 NYCRR 1400.3—failing to provide the client with a written retainer agreement.

Respondent failed either to answer the charges or to appear on the return date of the petition. His default constitutes an admission of the allegations in the petition and demonstrates an indifference to the consequences of an adverse determination (*see, Matter of Gembarosky*, 214 AD2d 209; *Matter of Schweitzer*, 189 AD2d 61; *Matter of Coughlin*, 188 AD2d 1; *Matter of Supples*, 102 AD2d 699). The unverified letter of respondent to the Court in which he offers to resign conditioned

upon the withdrawal of the petition does not relieve him of his default. We conclude, therefore, that respondent should be disbarred.

DENMAN, P. J., GREEN, PINE, FALLON and WESLEY, JJ., concur.

Order of disbarment entered.