[643 NYS2d 819]

In the Matter of WILLIAM J. POWERS, III, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 31, 1996

## APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo, for petitioner.

*Emil M. Rossi,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 21, 1983, and maintains an office in Syracuse. By order entered April 15, 1994, this Court suspended respondent from the practice of law for one year and until further order of the Court (*Matter of Powers*, 197 AD2d 57). The Grievance

Committee has filed a petition and a supplemental petition alleging that respondent has violated the Code of Professional Responsibility.

The petition and supplemental petition allege that respondent agreed to represent seven clients and accepted retainers from them after entry of the order of suspension and that he failed to advise those clients of his suspension. Additionally, the petition and supplemental petition allege that, prior to his suspension from practice, respondent agreed to perfect a client's appeal but, after his suspension, failed to advise the client thereof and failed to perfect the appeal. Respondent's answer denied the material allegations of the petition and a Referee was appointed to conduct a hearing on the issues of fact raised by the pleadings. The Referee filed a report that the Grievance Committee now moves to confirm. Respondent has submitted a response setting forth matters in mitigation.

The Referee found that respondent agreed to represent seven clients and accepted retainers from them after entry of the order of suspension and that he failed to advise those clients thereof. The Referee further found that, prior to his suspension from practice, respondent agreed to perfect a client's appeal, that he neglected the matter and, that, after he was suspended, he failed to advise the client of his suspension.

We confirm the Referee's report and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit and misrepresentation;

DR 3-101 (B) (22 NYCRR 1200.16 [b])—engaging in the unauthorized practice of law; and

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

Additionally, respondent has violated 22 NYCRR 1022.26 (b) (1), relating to suspended or disbarred attorneys.

The Grievance Committee has filed a third petition alleging that respondent converted client funds and seeking an order directing restitution of the funds converted. Respondent failed either to respond to that petition or to appear on the return date thereof. Respondent's default constitutes an admission of the charges and demonstrates an indifference to the consequences of an adverse determination (*see, Matter of Monroe*, 220 AD2d 66; *Matter of Schweitzer*, 189 AD2d 61). Therefore,

we further conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit and misrepresentation;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law; and

DR 9-102 (B) (22 NYCRR 1200.46 [b])—failing to preserve and maintain client funds in a separate bank account.

We conclude that respondent should be disbarred and direct the entry of an order granting restitution in the amount specified in the petition.

DENMAN, P. J., GREEN, PINE, FALLON and CALLAHAN, JJ., concur. (Filed May 17, 1996.)

Order of disbarment and restitution entered.