[649 NYS2d 889]

In the Matter of RICHARD G. BAXTER, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 8, 1996

APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Daniel A. Drake* of counsel), for petitioner.

*John M. Owens,* Pittsford, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 18, 1979, and formerly maintained an office in Rochester. The Grievance Committee filed a petition containing multiple charges of misconduct. Respondent's answer

denied the material allegations of the petition and a Referee was appointed to conduct a trial on the issues of fact raised by the pleadings. On July 8, 1996, respondent was convicted, upon a plea of guilty, of driving while intoxicated, a felony, in violation of Vehicle and Traffic Law § 1192 (3) and § 1193 (1) (c). On July 24, 1996, an order of disbarment was entered pursuant to Judiciary Law § 90 (4) (a). On August 22, 1996, respondent withdrew his answer to the petition and the Referee returned the matter to this Court.

Inasmuch as respondent has withdrawn his answer, we deem him to be in default. His default constitutes an admission of the allegations in the petition (*see*, *Matter of Hetzelt*, 225 AD2d 195 [decided herewith]; *Matter of Monroe*, 220 AD2d 66). Therefore, we conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit and misrepresentation;

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting legal matters entrusted to him; and

DR 9-102 (A), (B) and (C) (22 NYCRR 1200.46 [a], [b], [c])—failing to maintain and preserve client funds, commingling and converting client funds and failing to keep records relating to client funds entrusted to him.

Inasmuch as respondent has already been disbarred because of his conviction of a felony, no further sanction is necessary.

DENMAN, P. J., GREEN, FALLON, CALLAHAN and DOERR, JJ., concur.

Order entered finding respondent guilty of professional misconduct.